UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **ALEX ALFONSO SALAVERRIA** | **CIVIL ACTION** |
| **VERSUS** | **NO. 24-2930** |
| **GAVIN NEWSOM, ET AL.** | **SECTION "H"(4)** |

## REPORT AND RECOMMENDATION

Plaintiff Alex Alfonso Salaverria ("Salaverria") filed this *pro se* 42 U.S.C. § 1983 complaint against defendants Governor Gavin Newsom, Attorney General of California Rob Bonta, Los Angeles County District Attorney George Gascon, Chief of Police for Los Angeles County Michael Moore, Mayor of Los Angeles Karen Bass, the Los Angeles Sheriff's Department, Los Angeles County Public Defender Ricardo Garcia, Allied Universal, ABM Industries, and American Airlines. ECF No. 1, ¶I(B), at 2; *id*., ¶II(B)(2), at 3. Salaverria seeks monetary relief for his claims. *Id*., ¶IV, at 6. Salaverria also seeks to proceed *in forma pauperis* in this case and submitted an application to do so which was granted on January 6, 2025. ECF No. 5.

**I.    Venue Provisions**

Because § 1983 contains no specific venue provision, venue is determined under the general venue provisions of 28 U.S.C. § 1391. *See Jones v. Bales*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd*, 480 F.2d 805 (5th Cir. 1973). The general venue statute at 28 U.S.C. § 1391(b) provides as follows:

> A civil action may be brought in -- (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

The provisions of 28 U.S.C. § 1404 and § 1406 allow a court under certain conditions to transfer a case from a district in which venue is wrong to another district or division in which venue is proper, when transfer is in the interest of justice.  *See Balawajder v. Scott*, 160 F.3d 1066 (5th Cir. 1998).  Some of the interests of justice to be weighed by a transferring court include "the cost and ease of litigation," "the interest in having a case involving local disputes and local law resolved by a local court," and the facilitation of judicial economy and avoidance of duplicitous litigation.  *In re Rolls Royce Corp.*, 775 F.3d 671, 677-78 (5th Cir. 2014) (citing *Atl. Marine Const. Co., Inc. v. U.S. Dist. Ct. W.D. Tex.*, 571 U.S. 49, 62 n.6 (2013)).  A court's transfer inquiry requires an "individualized, case-by-case consideration of convenience and fairness."  *Id*. at 678.

## II.     Discussion

Salaverria is located in Orange County, California. ECF No. 1, ¶I(A), at 1.  Salaverria sued defendants who are not present in this district and urges claims arising from events that did not occur within this district. For Defendant Newsom and Defendant Bonta, both are listed as located in Sacramento County, California. *Id*., ¶I(B), at 2-3. For Defendant Gascon and Defendant Moore, both are listed as located in Los Angeles County, California. *Id*. at 3. Salaverria provides no location information for the other named defendants. *Id*. However, given that Defendant Bass, Defendant Garcia, and the Los Angeles Sheriff's Departments are all officials or entities associated with the city of Los Angeles, California, they are presumed to be located in Los Angeles County, California. *Id*.  Los Angeles County, California, falls within the geographical boundaries of the United States District Court for the Central District of California, Western Division. 28 U.S.C. § 84(c)(2). Salaverria's claims and the named defendants have no connection to the Eastern District of Louisiana to provide a basis for venue here.  The interest of justice would be served by transfer of this *pro se* matter to the proper district.

**III.    Recommendation**

It is **RECOMMENDED** that Alex Alfonso Salaverria's civil action under 42 U.S.C. § 1983 be **TRANSFERRED** to the United States District Court for the Central District of California, Western Division for further proceedings.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996).[1]

New Orleans, Louisiana, this 22nd day of April, 2025.

_____
**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[1] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.